IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAURICE X. BARRETT,               )
                                  )
            Plaintiff,            )
                                  )
      v.                          ) Civ. No.15-591-SLR
                                  )
LIEUTENANT L. GIBSON, et al.,     )
                                  )
            Defendants.           )

## MEMORANDUM

1. **Introduction.** Plaintiff Maurice X. Barrett ("plaintiff"), an inmate at the Howard
R. Young Correctional Institution, Wilmington, Delaware, proceeds pro se and has been
granted leave to proceed in forma pauperis. He filed this complaint pursuant to 42
U.S.C. § 1983 claiming violations of his constitutional rights.[1]  (D.I. 1)

2. **Standard of Review.** A federal court may properly dismiss an action sua
sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if
"the action is frivolous or malicious, fails to state a claim upon which relief may be
granted, or seeks monetary relief from a defendant who is immune from such relief."
Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). See also 28 U.S.C. § 1915(e)(2) (in
forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress
from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with
respect to prison conditions). The court must accept all factual allegations in a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived
him of a federal right, and that the person who caused the deprivation acted under color
of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion**. Plaintiff filed a complaint and amended the complaint to include compensatory damages. (D.I. 1, 6) He recently filed a motion to amend the complaint to remove Lieutenant L. Gibson ("Gibson") and add Commissioner Robert Coupe ("Coupe") and Warden S. Wesley ("Wesley") as defendants. (D.I. 8) Plaintiff addressed and wrote a letter to Gibson on June 24, 2015 regarding delivery of his newspaper. Two days later, defendant Corporal Wright ("Wright") summoned plaintiff, and plaintiff went to Wright's desk. Plaintiff alleges that Wright spoke to him, disrespectfully, and became obnoxious about the letter that plaintiff had written to Gibson who was Wright's supervisor. Plaintiff alleges that Wright "crumbled and balled the letter up in [his] face." (D.I. 1 at 5)

3

7. Plaintiff wrote a second letter to Gibson that was hand-delivered by Corporal Anderson. Gibson summoned plaintiff to her office on June 28, 2015. She informed plaintiff that she had not received the first letter plaintiff sent to her. Plaintiff alleges that Wright removed plaintiff's letter (that was not addressed to Wright) from the mail and "utilized it for his own personal use," tore up the document, and in doing so violated his First Amendment rights. He seeks compensatory and punitive damages.

8. **First Amendment**. Plaintiff alleges that Wright tampered with his non-legal mail on a single occasion. "[P]risoners, by virtue of their incarceration, do not forfeit their First Amendment right to use of the mails." *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *overruled on other grounds, Lewis v. Casey*, 518 U.S. 343 (1996)). However, an inmate's right to receive and send mail can be restricted for legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987).

9. Plaintiff's claim alleging a single, isolated interference with his personal mail deposited in the prison's internal mail system is insufficient to constitute a First Amendment violation. *See Nixon v. Secretary Penn. Dep't of Corr.*, 501 F. App'x 176, 177 (3d Cir. 2012) (unpublished); *Bieregu*, 59 F.3d at 1452 (1996) ("We decline to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *see also Kambon v. California Dep't of Corr. and Rehab.*, 2013 WL 3773895, at *7 (E.D. Cal. 2013) (plaintiff's suggestion that defendants failed to properly process his mail through the internal mail system, does not state a potentially colorable claim for relief). Plaintiff's

mail tampering claim is legally frivolous. Therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

10. **Verbal abuse**. To the extent plaintiff alleges that Wright spoke to him in a disrespectful and obnoxious manner, the claim also fails. Verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983. *See Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (unpublished) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) ("defamation is not a deprivation of liberty within the meaning of the due process clause.") Accordingly, the court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

11. **Conclusion**. For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The court will deny as moot the motion to amend. (D.I. 8) Finally, the court finds amendment futile. A separate order shall issue.

Date: September 29 , 2015

UNITED STATES DISTRICT JUDGE

5